53 F.3d 329
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael JACKSON, Defendant-Appellant.
 No. 94-5274.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 28, 1995.
 Decided May 10, 1995.
 
 Sa-ad El-Amin, EL-AMIN & CRAWFORD, P.C., Richmond, VA, for Appellant. Helen F. Fahey, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, VA, for Appellee.
 Before MURNAGHAN and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Jackson appeals his convictions for conspiracy to distribute cocaine and crack cocaine, 21 U.S.C. Sec. 846 (1988); possession of cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1995); three counts of money laundering, 18 U.S.C.A. Sec. 1956 (West Supp.1995); two counts of structuring currency transactions, 31 U.S.C. Sec. 5322 (West Supp.1995); obstruction of justice, 18 U.S.C.A. Sec. 1503 (West Supp.1995); and filing a false income tax return, 26 U.S.C. Sec. 7206(1) (1988). Jackson received a life sentence with five years supervised release for the conspiracy and possession convictions and various concurrent sentences for the remaining convictions. Because we find that the district court did not abuse its discretion in instructing the jury and that evidence was sufficient to support the false income tax return conviction, we affirm.
 
 
 2
 Jackson dealt substantial quantities of cocaine in Richmond, Virginia, between 1989 and his arrest in 1993. In 1990, Jackson began purchasing and distributing cocaine with Carlein White. In September 1990, White purchased a kilogram of cocaine for Jackson from her source in New York. Thereafter, Jackson and White periodically exchanged cocaine and sold cocaine together. White also transacted with two of Jackson's regular customers. In September 1991, Jackson moved in with White and began a partnership in which they invested equally in cocaine purchases through White's source. White's family transported and sold the cocaine for them. White's brothers Herman and Larry Langley stored the cocaine and retrieved it at Jackson's request. On one occasion, Jackson's brother, Raymond, transported a large sum of money to New York for Appellant so that Appellant could use it to buy cocaine and marijuana. Raymond sold cocaine for Michael in Richmond to a buyer named "Dog." Michael also dealt crack cocaine, which he prepared with the assistance of White's brothers Alfonso and Herman Langley.
 
 
 3
 The Government also offered evidence at trial regarding Jackson's income tax returns for 1990. Jackson failed to list income from drug sales on either of two returns he filed with the Internal Revenue Service ("IRS"). On one return, Jackson listed his 1990 gross income as $33,150, and his net income as $16,535. The return identifies the source of this income as "auto sales." Jackson's other return listed his gross income as $16,000.
 
 
 4
 I. Multiple Conspiracies.
 
 
 5
 At trial, defense counsel requested a jury instruction on multiple conspiracies. The district court denied the request over the defense's objection. Jackson contends on appeal that the evidence at trial showed not one conspiracy, but many unrelated "distribution networks" involving several independent dealers and their customers. Jackson asserts that his relationships with these dealers were simple buy-sell transactions and that the Government offered "no evidence that Jackson had any interest in or knowledge of how, when or where the cocaine he sold to them was distributed." He contends that failure to provide a multiple conspiracies instruction allowed the jury to convict him based upon his participation in a conspiracy other than the one for which he was indicted.
 
 
 6
 "Multiple conspiracy jury instructions inform the jury that it must acquit the defendant if it concludes that he was not a member of a conspiracy charged against him, even if it finds that the defendant was a member of an uncharged conspiracy." United States v. Toro, 840 F.2d 1221, 1236 (5th Cir.1988). A defendant is entitled to an instruction on multiple conspiracies if "there is a foundation in the evidence" to support the theory. United States v. Hicks, 748 F.2d 854, 857 (4th Cir.1984). However, "[i]f the facts support only a single conspiracy, the jury need not be instructed about multiple conspiracies." United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir.), cert. denied, 484 U.S. 834 (1987).
 
 
 7
 Contrary to defense counsel's assertion, this Court reviews a district court's decision not to give a particular jury instruction for abuse of discretion. United States v. Russell, 971 F.2d 1098, 1107 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S.1993). A judgment should be reversed "only if the error is determined to have been prejudicial, based on a review of the record as a whole." Wellington v. Daniels, 717 F.2d 932, 938 (4th Cir.1983).
 
 
 8
 We find that district court properly refused to instruct the jury on multiple conspiracies, where the facts at trial established an ongoing procurement and distribution operation with Jackson as its hub. The indictment charged that, beginning in or around January 1989, Jackson conspired with Raymond Jackson, Carlein White, and Herman Langley to possess with the intent to distribute in excess of five kilograms of cocaine, and in excess of fifty grams of crack cocaine. The Government charged a common agreement not between Jackson's distribution team and their customers, but among the distribution team itself.
 
 
 9
 The evidence at trial clearly showed that Michael and Raymond Jackson, Carlein White and Herman Langley were involved in a common enterprise of transporting, processing, storing, and selling cocaine and crack cocaine to various buyers. Even if the evidence allowed a finding of multiple conspiracies, Jackson was a figure central to them all and so was not prejudiced by the jury instruction. See Toro, 840 F.2d at 1236. Thus, the district court did not abuse its discretion in declining to give the proposed instruction.
 
 
 10
 II. Falsified Income Tax Return.
 
 
 11
 Jackson appeals his conviction for filing a falsified tax return in 1990, alleging that there was insufficient evidence to support his conviction. This Court will uphold a jury verdict if substantial evidence supports it. Glasser v. United States, 315 U.S. 60, 80 (1942). The inquiry on appeal is whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Circumstantial and direct evidence is considered, and the government enjoys the benefit of all reasonable inferences which can be drawn from the facts established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). In resolving substantial evidence challenges, this Court does not weigh evidence or review witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 12
 A trial witness testified that in 1990 he purchased between one and three kilograms of cocaine from Jackson--at $20,000 per kilogram--every five to ten days over a period of six months. Accepting all testimony favorable to the prosecution as true, there was sufficient evidence upon which to find Jackson guilty of filing a false tax return. Accordingly, we affirm Jackson's convictions and sentences.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Jackson filed a pro se motion for leave to supplement his counsel's appellate brief and certified that he served a copy of the motion on the Government, which has not responded. While we grant Appellant's motion, we find that his double jeopardy claim does not constitute plain error. See United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S.1993)